UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

Docket No. 2:24-cr-141

JOSHUA HARTNESS,
Defendant.

PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District

of Vermont (hereafter "the United States"), and the defendant, JOSHUA HARTNESS, agree to

the following in regard to the disposition of pending criminal charges.

1.  JOSHUA HARTNESS agrees to plead guilty to Count One of the Indictment charging

him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

2.  JOSHUA HARTNESS understands, agrees and has had explained to him by counsel that

the Court may impose the following sentence on his plea: up to 10 years of imprisonment,

pursuant to 18 U.S.C. § 2252A(b)(2); up to lifetime supervised release with a mandatory

minimum of 5 years, pursuant to 18 U.S.C. § 3583(k); up to a $250,000 fine, pursuant to 18

U.S.C. § 3571; a $100 special assessment pursuant to 18 U.S.C. § 3013; an additional special

assessment of $5,000 pursuant to 18 U.S.C. § 3014; and an additional special assessment of not

more than $17,000 pursuant to 18 U.S.C. §2259A.

3.   JOSHUA HARTNESS further understands that the Court must order full restitution to

the victims of the offense in an amount determined by the Court, pursuant to 18 U.S.C. § 2259.

4.  JOSHUA HARTNESS agrees to plead guilty because he is, in fact, guilty of the above

crime.

1

5. JOSHUA HARTNESS stipulates to, agrees with, and admits the following facts:

    a. On or about September 11, 2022, at the Logan International Airport in Boston, JOSHUA HARTNESS's Motorola cellphone was inspected upon his return to the United States from abroad. The inspection revealed potential child pornography on the device. A forensic review identified the following:

        i. A video file approximately 1 minute and 58 seconds long depicting a minor female naked from the waist down. Her vaginal area is visible. An adult male with an erect penis is visible. During the video, the male inserts his erect penis several times into the minor female's vagina.

        ii. An image file depicting a naked minor female, leaning back, with her breasts and vaginal area exposed.

    b. The forensic review of the data from JOSHUA HARTNESS's Motorola cellphone indicates that the video file described above was saved to the Motorola cellphone on or about May 22, 2022; and the image file described above was saved to the Motorola cellphone on or about June 8, 2022.

    c. Between June 8, 2022 and September 11, 2022, JOSHUA HARTNESS possessed his Motorola cellular phone in the District of Vermont, and therefore, possessed the video file and image file described above in the District of Vermont.

    d. Motorola cellular phones are not manufactured in the State of Vermont.

6. JOSHUA HARTNESS understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

7. JOSHUA HARTNESS acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

8. JOSHUA HARTNESS fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

9. JOSHUA HARTNESS fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. JOSHUA HARTNESS acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. JOSHUA HARTNESS understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

10. JOSHUA HARTNESS agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. JOSHUA HARTNESS agrees to pay the special assessment at the time of sentencing.

11. JOSHUA HARTNESS agrees to the following regarding restitution in this case:

    a. JOSHUA HARTNESS agrees to pay full restitution for all losses caused by all the schemes or offenses with which he was charged in this case, and he understands that, pursuant to 18 U.S.C. § 3663(a)(3), the amount of restitution will not be limited to the loss attributable to the count to which he is pleading guilty.

    b. JOSHUA HARTNESS understands that the Court will not consider his economic circumstances in determining the restitution amount. JOSHUA HARTNESS agrees to pay restitution in an amount to be set by the Court when ordered, but in no event less than $3,000 per identified victim, and may be higher depending on evidence available at the time of sentencing.

4

c. JOSHUA HARTNESS understands that the restitution described above creates a lien in favor of the United States on all property and rights to property he may possess upon entry of judgment and continues for the later of 20 years from the entry of judgment or 20 years after release from imprisonment or until the debt is paid in full. JOSHUA HARTNESS further understands the government will record a notice of the lien in any county where he resides or has property. JOSHUA HARTNESS further understands that this order of restitution cannot be discharged in bankruptcy and that if he defaults on the payment of restitution, the Court may revoke probation or a term of supervised release, modify the terms or conditions of probation or supervised release, resentence him, hold him in contempt of court, order the sale of property, enter or adjust a payment schedule, or take any other action necessary to obtain compliance.

d. At any time before or after a judgment is entered in this case and until the financial obligation is paid in full, JOSHUA HARTNESS agrees to complete, under penalty of perjury, a financial statement provided by the United States, and provide supporting documents, and to update that statement with material changes within seven days of the change. JOSHUA HARTNESS understands that he must identify all assets and financial interests valued at more than $1,000. JOSHUA HARTNESS further understands that these assets and financial interests include all assets and financial interests in which he has an interest, direct or indirect, whether held in his own name or in the name of another, in any property, real or personal. JOSHUA HARTNESS expressly authorizes the United States to obtain

a credit report on him at any time before or after sentencing in order to evaluate his ability to satisfy any financial obligation imposed by the Court.

e. JOSHUA HARTNESS agrees to surrender assets he obtained as a result of his crimes, and release funds and property under his control to pay any restitution. JOSHUA HARTNESS further agrees to notify the United States before transferring any interest in property owned directly or indirectly by him, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations. JOSHUA HARTNESS also agrees to notify the United States of any interest in property he may obtain, directly or indirectly, which is valued at more than $1,000, and which includes any interest obtained under any other name, or entity, including a trust, partnership, or corporation, after the execution of this Plea Agreement until the restitution is paid in full. JOSHUA HARTNESS understands that his disclosure obligations are ongoing and are in force from the execution of this agreement until JOSHUA HARTNESS has satisfied the restitution order in full.

f. JOSHUA HARTNESS agrees that any fine or restitution imposed by the Court against him will be due immediately and subject to immediate enforcement by the government as authorized by 18 U.S.C. § 3613. In the event that the Court imposes a schedule for payment of restitution, JOSHUA HARTNESS agrees that such a schedule represents a minimum payment obligation and does not preclude the United States from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. JOSHUA HARTNESS further understands that the government may seek immediate

6

collection of the entire restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office, and that monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property he receives may be offset and applied to federal debts. JOSHUA HARTNESS understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

12. JOSHUA HARTNESS agrees that the items listed in the forfeiture notice of the Indictment are his personal property. He agrees that these items (two Motorola Edge cell phones) contain contraband and consents to their destruction by law enforcement.

13. JOSHUA HARTNESS recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. JOSHUA HARTNESS nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

14. JOSHUA HARTNESS understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). JOSHUA HARTNESS also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that

those requirements may apply throughout his life. He understands that he will be required to keep his registration current, notify the state sex offender registration agency or agencies of any changes in his name, place of residence, employment, or student status, or other relevant information. JOSHUA HARTNESS understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

15. The parties jointly recommend that the Court impose the following terms as conditions of JOSHUA HARTNESS's Supervised Release:

a) You must participate in an approved sex offender evaluation and any treatment program(s) recommended by the evaluation, as directed by the probation officer. The evaluation and treatment program(s) may include polygraph examinations. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision. You will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment. In the event of a supervised release violation petition, the court authorizes the probation officer to release any evaluation and psychological reports to defense counsel.

b) You must provide the probation officer with access to any requested records, such as bills or invoices for credit cards, telephone and wireless communication services, television provider services, and Internet service providers.

c) You must provide the probation officer with a complete and current inventory of the number of computers (as defined in 18 U.S.C. § 1030(e)(1)), electronic devices capable of Internet access, or any media storage devices used, possessed, or in your control along with a monthly log of computer access.

d) You must not use computer devices (as defined in 18 U.S.C. § 1030(e)(1)), electronic devices capable of Internet access, or any media storage devices until a Computer Use Plan is developed and approved by your treatment provider and/or probation officer. Such plan, at a minimum, may require you to submit a record of Internet use, online screen names, encryption methods, and passwords utilized by you.

e) You must not access any computer devices (as defined in 18 U.S.C. § 1030(e)(1)), electronic devices capable of Internet access, or any media storage devices that utilize any encryption, anonymization, "cleaning" or "wiping" software programs.

f) You must not view, access or possess images or videos depicting sexually explicit conduct involving adults, as defined in 18 U.S.C. § 2256(2)(A); child pornography, as defined in 18 U.S.C. § 2256(8); or visual or text content involving minors which has sexual, prurient or violent interests as an inherent purpose.

g) You must not associate or have contact, directly or through a third party, with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background, and who has been approved in advance by the probation officer. Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence. You may have contact with your minor children, subject to the approval of, and the terms and conditions set by, your probation officer.

h) You must avoid and are prohibited from being in any areas or locations where children are likely to congregate, such as schools, daycare facilities, playgrounds, theme parks, arcades, unless prior approval has been obtained from the probation office.

9

i) You must allow, at the direction of the probation officer and at your expense, the installation of monitoring hardware or software to monitor your use of computer systems, internet-capable devices and/or similar electronic devices under your control.

j) You must not have contact, directly or through a third party, with the victim(s) in this case. Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence. Should a victim related to you desired contact with you, and request such contact, you may have contact with said victim, subject to the prior approval of, and the terms and conditions set by, your probation officer.

k) You must submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions. Such searches may include the removal of such items for the purpose of conducting a more thorough inspection. You shall inform other residents of this condition. Failure to submit to a search may be grounds for revocation.

16. The United States agrees that in the event that JOSHUA HARTNESS fully and completely abides by all conditions of this agreement, the United States will:

 a. not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4 and violations of 18 U.S.C. §§ 1470; 2252(a)(1); 2252(a)(2); 2252(a)(4); 2252A(a)(1); 2252A(a)(2);

10

2252A(a)(3); 2252A(a)(5); 2252A(a)(6); and 2252A(a)(7) committed by him in the District of Vermont prior to December 20, 2024;

b.  recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

c.  move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

17. If the United States determines, in its sole discretion, that JOSHUA HARTNESS has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. JOSHUA HARTNESS understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

18. JOSHUA HARTNESS and the United States agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the appropriate term of imprisonment the Court should impose is not more than

11

30 months and the term of supervised release should be 10 years. Under this agreement, the Court retains discretion with all other aspects of the sentence, including the fine and the restitution. The defendant further understands that if the court rejects the plea agreement on the agreed upon sentencing stipulation, the United States may deem the plea agreement null and void.

19. It is understood and agreed by the parties that should JOSHUA HARTNESS's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. JOSHUA HARTNESS also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

20. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

21. JOSHUA HARTNESS expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Emily Kenyon, Esq. JOSHUA HARTNESS further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, JOSHUA HARTNESS expressly states that he is fully satisfied with the representation provided by his attorney, Emily Kenyon, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of

the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

22. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

MICHAEL P. DRESCHER
Acting United States Attorney

7/17/25

Date

By: _Jonathan A. Ophardt (LLF)_

Jonathan A. Ophardt
Assistant U.S. Attorney

7/14/25

Date

JOSHUA HARTNESS
Defendant

I have read, fully reviewed and explained this agreement to my client, JOSHUA HARTNESS. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

7/17/25

Date

Emily Kenyon, Esq.
Counsel for the Defendant

13